OPINION OF THE COURT
Memorandum.
The appeal taken as of right should be dismissed, without costs, on the ground that the order appealed from does not finally determine the matter within the meaning of the Constitution. On the court’s own motion, leave to appeal is granted to appellants.
*521 The order of the Appellate Division should be modified, with costs to appellants as to all respondents except the Summit School, and the judgment of the Supreme Court, Albany County, dismissing the petition is reinstated as to all respondents except the Summit School. As modified, the order of the Appellate Division granting the petition of respondent Summit School and remitting the matter to the Commissioner of Education for computation of the Summit School’s tuition reimbursement rate for the 1979-1980 school year is affirmed, with costs to respondent Summit School against appellants.
The determination of the Commissioner of Education to impose a 4.5% ceiling on teacher salary increases for petitioners’ pedagogical staff was neither arbitrary nor capricious. In establishing this guideline, the commissioner relied upon statistics compiled by the PERB research office indicating an average 4.5% salary increase during the 1978-1979 school year for public school teachers in the New York City metropolitan area. It therefore cannot be said as a matter of law that the determination had no rational basis, and the limited scope of judicial review in this matter precludes further inquiry (Matter of De Vito v Nyquist, 43 NY2d 681).
Although section 4405 (subd 3, par e) of the Education Law provides that “The commissioner of education shall, annually, determine the allowable tuition rate for each private school for the purposes of this subdivision pursuant to his rules and regulations”, we do not read this provision as requiring that all reimbursable cost limitations be established by adopting an administrative regulation to that effect. Rather, we read the provision as merely requiring the commissioner to adhere and conform to any regulations he may promulgate in connection with the statutory cost reimbursement scheme.
We agree with the Appellate Division, however, that the Commissioner of Education rather than the Commissioner of Social Services is the proper authority to determine allowable tuition reimbursement rates for respondent Summit School for the 1979-1980 school year and thereafter. There being no dispute that the Summit School provides services under article 89 of the Education Law, the *522 interpretation of section 4405 of the Education Law presents an issue of law which does not require the exhaustion of administrative remedies (Matter of De Vito v Nyquist, 56 AD2d 159, 161, affd 43 NY2d 681).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Appeal taken as of right dismissed, without costs. On the court’s own motion, leave granted to appellants to appeal from the nonfinal order of the Appellate Division pursuant to CPLR 5602 (subd [a], par 2). Order modified, with costs to appellants against all respondents except Summit School, in accordance with the memorandum herein and, as so modified, affirmed, with costs to respondent Summit School against appellants.